JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EL CAPITAN ADVISORS, INC., et al.,<br><br>　　　　Defendants. | No. 2:25-cv-05066-JAK (Ex)<br><br>**FINAL JUDGMENT AS TO EL CAPITAN ADVISORS, INC.** |

1  The Securities and Exchange Commission having filed a Complaint and
2  Defendant El Capitan Advisors, Inc. ("Defendant") having entered a general appearance;
3  consented to the Court's jurisdiction over Defendant and the subject matter of this
4  action; consented to entry of this Final Judgment without admitting or denying the
5  allegations of the Complaint (except as to jurisdiction and except as otherwise provided
6  herein); waived findings of fact and conclusions of law; and waived any right to appeal
7  from this Judgment:

## I.

IT IS ORDERED AND ADJUDGED that Defendant is permanently restrained and enjoined from violating, while acting as an investment adviser, Sections 206(1) and (2) of the Investment Advisers Act of 1940 (the "Investment Advisers Act") [15 U.S.C. § 80b-6(1) and (2)] by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

(b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any client or prospective client, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any client or prospective client, about:

(A) any investment strategy or investment in securities,
(B) the prospects for success of any product or company,
(C) the use of client funds,
(D) compensation to any person,
(E) Defendant's qualifications to advise clients; or
(F) the misappropriation of client funds or investment proceeds.

2

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 207 of the Advisers Act, 15 U.S.C. § 80b-7, by using the mails or any means or instrumentality of interstate commerce, to willfully make any untrue statement of a material fact in any registration application or report filed with the Commission under Sections 203 or 204 of the Advisers Act, or willfully omit to state in any such application or report any material fact which is required to be stated therein.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $10,700,000.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,840,291.82, for a total of $12,540,291.82.  Defendant shall satisfy this obligation by paying $12,540,291.82 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will

provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center

    Accounts Receivable Branch

    6500 South MacArthur Boulevard

    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; El Capitan Advisors, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

    Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making those payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

    The Commission shall hold the funds (collectively, the "Fund") until further order of this Court.  The SEC may propose a plan to distribute the Fund subject to the Court's approval, and the Court shall retain jurisdiction over the administration of any distribution of the Fund.

    The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

Dated: 6/11/25

John A. Kronstadt
United States District Judge